IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Loretta Fosdick, on Behalf of Herself and All Others Similarly Situated,<br><br>         Plaintiff,<br>v.<br><br>Berkeley County,<br><br>         Defendant. | Case No. 2:23-cv-03375-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Parties' joint motion for settlement approval. (Dkt. No. 38). For the reasons set forth below, the Court denies the motion without prejudice.

**I.    Background**

Plaintiffs are former Berkeley County Convenience Center Operators who allege Defendant failed to pay overtime wages stemming from work they were required to perform prior to the start and following the end of their shifts. (Dkt. No. 1-1, ¶¶ 29-41). Plaintiff Loretta Fosdick alleges she typically worked at least two (2) additional hours per week that were not compensated. (*Id.*, ¶ 42). Plaintiff Allison Barry subsequently joined the case as an opt-in Plaintiff. (Dkt. No. 38 at 1). The Complaint alleges violations of the Fair Labor Standards Act and South Carolina Payment of Wages Act. (Dkt. No. 1-1). The Parties have engaged in written discovery and several depositions, and jointly move to settle this case following successful mediation. (Dkt. No. 38).

**II.    Legal Standard**

Parties are typically permitted to reach private settlements, but settlement agreements under the FLSA differ because they are not exclusively private transactions and federal courts are charged with the responsibility of scrutinizing FLSA settlements for fairness. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Once the Act makes it impossible to

1

agree on the amount of pay, it is necessary to ban private settlements of disputes about pay."); *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

### III.   Discussion

To determine whether to approve the proposed settlement, the Court must determine (i) whether the award reflects a fair and reasonable compromise over the issues in dispute, and (ii) whether the proposed award of attorney's fees and costs is reasonable. Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable. *See, e.g., Corominas v. ACI Holdings, LLC*, No. 2:15-CV-4372-PMD, 2016 WL 10520235, at *2 (D.S.C. 2016); *Saman v. LBDP, Inc.*, Civ. No. 12-1083, 2013 WL 2949047, at *2 (D. Md. 2013). Plaintiffs allege Defendant failed to pay them overtime wages. Defendant denies these allegations. A bona fide dispute exists.

This Court has previously articulated the following factors to assess whether a settlement is fair and reasonable: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of

plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016) (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV131 0(AJT/JF A), 2009 WL 3094955, at *10 (E.D. Va. 2009)).

The Parties have agreed to a total settlement amount of $28,000.00 (the "Settlement Amount"). (Dkt. No. 38 at 2). Plaintiff Loretta Fosdick would recover $10,000.00, reflecting "a substantial part of what Fosdick alleges she is owed applying a two-year statute of limitations" as well as $5,000.00 in liquidated damages. (*Id.* at 3). Plaintiff Allison Barry would recover $500.00, comprising "a substantial part, if not all, Barry alleges she is owed applying a two-year statute of limitations" and includes $250.00 in liquidated damages. (*Id.*). The Parties explain that "Plaintiffs' allocation of settlement funds is based on an individual determination using the duration of time each was employed by the County during the applicable statute of limitations period for the relevant time." (*Id.*). The Parties fail to specify the total amount claimed by either Plaintiff as compared to the settlement amounts awarded, preventing the Court from assessing whether the award is fair and reasonable in light of the issues in dispute.

The settlement also includes $17,500.00 in costs and fees awarded to Marybeth Mullaney, Esq., Plaintiffs' counsel. (*Id.*). This figure represents 62.5% of the gross Settlement Amount. The Parties represent they "based the amount of the fee award on the hourly rates and work Plaintiffs' counsel claims was performed on behalf of Plaintiffs rather than a percentage-of-the-fund method" and "[a]ccordingly, Plaintiffs' counsel fees are not reducing the amounts to be paid to the Plaintiffs for their alleged unpaid wages and liquidated damages." (*Id.* at 6). The number of hours worked by Plaintiffs' counsel is not before this Court. As a result, the Court does not have sufficient facts

3

to assess the fairness and reasonableness of the proposed attorney's fees under the *Barber* factors. *See Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978).

### IV.   Conclusion

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** the Parties' joint motion for court approval of settlement (Dkt. No. 38). The parties are directed to file another motion for approval of the settlement which sets forth the information referenced above.

**AND IT IS SO ORDERED.**

 s/Richard M. Gergel 
Richard Mark Gergel
United States District Judge

August 15, 2024
Charleston, South Carolina