## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Loretta Fosdick, on Behalf of Herself and All Others Similarly Situated, | ) ) ) | Case No.: 2:23-cv-03375-RMG |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **JOINT MOTION FOR APPROVAL OF SETTLEMENT** |
| Berkeley County, | ) ) | |
| Defendant. | ) ) | |

Plaintiff Loretta Fosdick ("Fosdick") and Defendant Berkeley County (the "County") (collectively, the "Parties"), by and through their undersigned counsel, jointly move the Court for an Order approving their proposed settlement, including approval of the proposed Release of All Claims and Agreement ("Agreement") (Exhibit 1), and dismissing the case with prejudice. In support of the motion, the Parties offer the following:

### Factual Background

Fosdick and the single opt-in Allison Barry ("Barry") (collectively, "Plaintiffs") were Convenience Center Operators for the County. Plaintiffs' job duties included, but were not limited to, opening and closing their respective Convenience Center each day, assisting Berkeley County residents with waste disposal at Convenience Centers, and ensuring County residents placed their waste in the correct containers and locations at each Convenience Center. Plaintiffs allege the County did not pay them for all hours worked, including overtime, for pre-shift and post-shift activities completed as part of their job duties for the County. The County disputes liability and contends the County paid Plaintiffs for all hours worked, including appropriate payment for overtime.

1

Fosdick filed this action on June 15, 2023, on behalf of herself and similarly situated Convenience Center Operators alleging violations of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and violations of the South Carolina Payment of Wages Act, S. C. Code Ann. § 41-10-10 *et seq*. The County was served with a copy of the Complaint on June 20, 2023, and filed responsive pleadings on July 14, 2023. (Dkt. No. 4.) Barry opted into the action on August 30, 2023. (Dkt. No. 12.) Plaintiffs filed a motion for conditional certification on November 17, 2023. (Dkt. No. 16.)

The Court granted conditional certification on December 12, 2023. (Dkt. No. 22.) Two former Convenience Center Operators subsequently opted in, but each later dismissed their claims. Consequently, Fosdick and Barry are the sole plaintiffs. After conducting written discovery, the deposition of Plaintiffs' supervisor, and Plaintiffs' depositions, the parties mediated this matter on June 27, 2024, and were able to amicably resolve Plaintiffs' claims.

## Proposed Settlement

The Parties negotiated a compromise settlement of Plaintiffs' alleged claims, preserving the County's denial of wrongdoing. After considerable discussions, negotiations, and mediation, including a review of the available evidence, the Parties reached a settlement. The settlement represents the resolution of a bona fide dispute. Specifically, the Parties reached a resolution regarding alleged wages owed and the applicability of the County's defenses including, but not limited to, the County's good-faith defense under 29 U.S.C. § 260.

As reflected in the proposed Release of All Claims and Agreement (Exhibit 1), Plaintiffs and their counsel are receiving a total of $28,000.00, to be paid within ten business days of Court approval. The settlement funds will be allotted/distributed as follows:

1. $10,000.00 to Fosdick, that, according to Fosdick's allegations and calculations, is representative of almost 90% of what Fosdick alleges she is owed applying a three-year statute of limitations.[1] The amount includes $5,000.00 in liquidated damages. The County disputes Plaintiff's calculation and disputes liability.

2. $500.00 to Barry, that, according to Barry's allegations and calculations, is 100% and slightly more than Barry alleges she is owed applying a two-year statute of limitations.[2] The amount includes $250.00 in liquidated damages. The County disputes Plaintiff's calculation and disputes liability.

3. $17,500.00 in costs and fees. The amount represents $3,682.00 in costs for filing fees, transcripts, process servers, and other related costs, and $13,818.00 in attorney's fees.

(Exhibit 2.)

After the settlement payments are delivered to Plaintiffs' counsel and the funds are clear for distribution by Plaintiffs' counsel, Plaintiffs' counsel will notify the County's counsel and the County's counsel will file a stipulation of dismissal with prejudice (Exhibit 3).

The settlement amount and allocation of it is reasonable and adequate when viewed against the risks, expenses, and delays inherent in continued litigation. Moreover, any recovery Plaintiffs could potentially receive, if they continued to litigate their claims and later prevail, will be delayed while the Parties engage in a trial and potentially appeal. Such delays could last several years.

Plaintiffs' allocation of settlement funds is based on an individual determination using the duration of time each was employed by the County during the applicable statute of limitations

---

[1] Fosdick worked almost three years for the County. In the Parties' initial motion requesting approval of the settlement, the motion referenced a "two-year" statute of limitation as to Fosdick. The reference was a scrivener error and should have read "three-year."

[2] Barry, unlike Fosdick, worked only a short time for the County in 2023.

3

period for the relevant time. Fosdick estimates the damages on her FLSA claim to be approximately $5,699.82 and with liquidated damages she estimates her total damages to be approximately $11,399.64. Barry estimates her FLSA claim to be approximately $243.29 and with liquidated damages she estimates her total damages to be approximately $486.58.

Although it may be possible for Plaintiffs to receive a higher recovery after trial, it would also be possible for Plaintiffs to receive a no recovery if a jury ruled against them at trial and found in favor of the County. The settlement eliminates the risks of litigation and provides Plaintiffs a recovery now rather than at the conclusion of litigation. In light of all of these risks, the Parties made a considered, reasonable decision to settle the case for the terms contained in the proposed Release of All Claims and Agreement (Exhibit 1).

### Legal Discussion

Settlements of FLSA claims are appropriate for court approval when the settlement is a "fair and reasonable resolution of a *bona fide* dispute over [the] FLSA." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir.1982). The settlement ultimately reached is the product of arm's length negotiations between the Parties. The proposed settlement provides certainty to Plaintiffs and the County, and the proposed settlement agreement eliminates the risk the Parties will bear if this litigation continues. See *Lynn's Food Stores, Inc*., 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as a strong indication of fairness).

The factors to be considered in evaluating the fairness of an FLSA settlement include the following: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiffs; (5)

the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. See, e.g., *Id*.; *Lomascolo v. Parsons Brinckerhoff, Inc*., No. 1:09-cv-1310 (AJT/JFA), 2009 WL 3094955, at *11 (E.D. Va. Sept. 28, 2009). Approval of settlements in collective actions under the FLSA generally involves less stringent standards than Rule 23 class settlements. *Clark v. Ecolab, Inc*., No. 07-cv-8623 (PAC), 2010 WL 1948198, * 7 (S.D.N.Y. May 11, 2010).

"Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Id*. (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353, n.8 (11th Cir.1982)). Litigating the claims poses risks to both Parties, and a settlement resulting from an arm's-length negotiation should be approved. *Houston v. URS Corp*., No. 1:08-cv-203, 2009 WL 42474055, at *2,*5-10 (E.D. Va. Aug. 7, 2009) (approving FLSA settlement after determination that it was a fair and reasonable resolution of a bona fide dispute); *Lomascolo*, 2009 WL 3094955, at *10 (approving settlement of FLSA claims and noting "[l]itigants should be encouraged to determine their respective rights between themselves and there is an overriding public interest in favor of settlement, particularly in class action suits.") (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977)).

The Parties' proposed settlement is the product of an arm's length negotiation, including mediation. "There is a presumption that no fraud or collusion occurred between counsel" during the negotiation of a settlement, absent evidence to the contrary. *Lomascolo*, 2009 WL 3094955 at *12. The Parties discussed at mediation and otherwise the strengths and weaknesses of their relative positions and eventually reached an agreement that represents a reasonable allocation of the risk and expense of continuing litigation.

Plaintiffs agree to the settlement. The representations by counsel regarding the arm's length nature of the settlement negotiations, including mediation, and the lack of evidence of fraud or collusion weigh in favor of approving the proposed settlement. See *Lomascolo*, 2009 WL 3094955 at *7 (when the court determines that a settlement agreement was the product of arms-length negotiations that weighs in favor of approving the settlement).

Further, counsel for Plaintiffs and the County are experienced in FLSA litigation. The County's counsel, Bob J. Conley, has practiced employment law for over sixteen years. During this time, he has represented numerous employers in FLSA litigation. The County's counsel has been a practicing attorney for over thirty years and possesses the requisite skills and experience to adequately represent the County in this case.

Plaintiffs' counsel, Marybeth Mullaney, has practiced employment law exclusively for over ten years and only represents employees. Plaintiffs' counsel has extensive experience in FLSA litigation and has represented plaintiffs in numerous FLSA collective actions. Plaintiffs' counsel has been a practicing attorney for more than thirty years and possesses the requisite skills and experience to adequately prosecute the Plaintiffs' claims. Consequently, the Parties' counsels' experience litigating FLSA claims weighs in favor of approving the settlement.

Finally, the attorneys' fees and costs of $17,500.00 are reasonable and appropriate. Consistent with the terms of the legal services agreement between the Plaintiffs and their counsel, the fees and expenses were negotiated separately. Plaintiffs' Counsel's fees and cost were substantially more. Plaintiffs' Counsel's total fees and costs were $55,959.51. This includes $3,682.01 in costs and $52,277.50 in fees for approximately 155.7 hours at an hourly rate of $350.00. (Exhibits 2 and 4.) The parties negotiated the fees separately from the award to the Plaintiffs and based the amount of the fee award on the hourly rates and work Plaintiffs' counsel

performed on behalf of Plaintiffs rather than a percentage-of-the-fund method. Accordingly, Plaintiffs' counsel fees are not reducing the amounts to be paid to the Plaintiffs for their alleged unpaid wages and liquidated damages.

### Conclusion

For all the foregoing reasons, Plaintiffs and the County respectfully request that the Court grant approval of the proposed settlement.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney, Esq. FID 11162
4900 O'Hear Ave Ste 100 & 200
North Charleston, SC 29405
(843) 588-5587
marybeth@mullaneylaw.net

ATTORNEY FOR PLAINTIFFS

s/Bob J. Conley
Bob J. Conley, Esq. FID 6791
Cleveland & Conley, LLC
171 Church Street, Suite 310
Charleston, SC 29401
(843) 577-9626
bconley@clevelandlaborlaw.com

ATTORNEY FOR DEFENDANT

August 26, 2024
Charleston, South Carolina