# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Loretta Fosdick, on Behalf of Herself and All Others Similarly Situated, | Case No. 2:23-cv-03375-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Berkeley County, | |
| Defendant. | |

This matter is before the Court on the Parties' revised joint motion for settlement approval. (Dkt. No. 40). For the reasons set forth below, the Court grants the motion and dismisses this case with prejudice.

## I.    Background

Plaintiffs are former Berkeley County Convenience Center Operators who allege Defendant failed to pay overtime wages stemming from work they were required to perform prior to the start and following the end of their shifts. (Dkt. No. 1-1, ¶¶ 29-41). Plaintiff Loretta Fosdick alleges she typically worked at least two (2) additional hours per week that were not compensated. (*Id.*, ¶ 42). Plaintiff Allison Barry subsequently joined the case as an opt-in Plaintiff. (Dkt. No. 40 at 1). The Complaint alleges violations of the Fair Labor Standards Act and South Carolina Payment of Wages Act. (Dkt. No. 1-1). The Parties have engaged in written discovery and several depositions, and jointly move to settle this case following successful mediation. (Dkt. No. 40).

## II.    Legal Standard

Parties are typically permitted to reach private settlements, but settlement agreements under the FLSA differ because they are not exclusively private transactions and federal courts are charged with the responsibility of scrutinizing FLSA settlements for fairness. *See Walton v. United*

*Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay."); *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

### III.  Discussion

To determine whether to approve the proposed settlement, the Court must determine (i) whether the award reflects a fair and reasonable compromise over the issues in dispute, and (ii) whether the proposed award of attorney's fees and costs is reasonable. Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable. *See, e.g., Corominas v. ACI Holdings, LLC*, No. 2:15-CV-4372-PMD, 2016 WL 10520235, at *2 (D.S.C. 2016); *Saman v. LBDP, Inc.*, Civ. No. 12-1083, 2013 WL 2949047, at *2 (D. Md. 2013). Plaintiffs allege Defendant failed to pay them overtime wages. Defendant denies these allegations. A bona fide dispute exists.

This Court has previously articulated the following factors to assess whether a settlement is fair and reasonable: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the

settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016) (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV131 0(AJT/JF A), 2009 WL 3094955, at *10 (E.D. Va. 2009)).

The Parties have agreed to a total settlement amount of $28,000.00 (the "Settlement Amount"). (Dkt. No. 40 at 2). Plaintiff Loretta Fosdick would recover $10,000.00, reflecting "almost 90% of what Fosdick alleges she is owed applying a three-year statute of limitations" as well as $5,000.00 in liquidated damages. (*Id.* at 3). Plaintiff Allison Barry would recover $500.00, comprising "100% and slightly more than Barry alleges she is owed applying a two-year statute of limitations" and $250.00 in liquidated damages. (*Id.*). The Parties explain that "Plaintiffs' allocation of settlement funds is based on an individual determination using the duration of time each was employed by the County during the applicable statute of limitations period for the relevant time." (*Id.* at 3-4).

The settlement also includes $17,500.00 in costs and fees awarded to Marybeth Mullaney, Esq., Plaintiffs' counsel. (*Id.* at 6). The Parties explain this amount is "reasonable and appropriate" where "Plaintiffs' Counsel's total fees and costs were $55,959.51 . . . includ[ing] $3,682.01 in costs and $52,277.50 in fees for approximately 155.7 hours at an hourly rate of $350.00." (*Id.*; *see also* Dkt. Nos. 40-2, 40-4). The Parties represent they "based the amount of the fee award on the hourly rates and work Plaintiffs' counsel performed on behalf of Plaintiffs rather than a percentage-of-the-fund method" and "[a]ccordingly, Plaintiffs' counsel fees are not reducing the amounts to be paid to the Plaintiffs for their alleged unpaid wages and liquidated damages." (*Id.* at 6-7).

The Court finds the settlement is fair and reasonable. To begin with, the amount and calculations reflect a fair and reasonable amount and a beneficial outcome for Claimants. Sufficient discovery has taken place concerning Claimants' claims. The Parties have engaged in continuous arms-length negotiations and there is no evidence of fraud or collusion. Further, without settlement, the case would likely continue to be expensive. Given the length of time, the discovery exchanged, and the extent to which both Parties' attorneys are familiar with the case, they are in a good position to evaluate their claims and defenses and the likelihood of success at trial. Counsel in this case are experienced, with both Parties' counsel having extensive experience in wage-and-hour litigation. (*Id.* at 6). Further, the amount of the award, which represents alleged unpaid wages, is clearly fair and reasonable. Considering the stage of litigation, absence of fraud, settlement amount, experience of counsel, and uncertainties as to success, the Court finds the Settlement Amount to be fair and reasonable.

Finally, $17,500.00 for attorney's fees and costs is reasonable and, as it was negotiated separately from the Settlement Amount discussed above, permissible under the FLSA. (*Id.*). Reviewing the twelve factors articulated by *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978): (1) Plaintiffs' counsel expended 155.7 hours litigating and negotiating Claimants' claims and based on Plaintiffs' counsel typical hourly rate of $350.00, would be a lodestar amount of $52,277.50, and had $3,682.01 in out-of-pocket costs (Dkt. No. 40-2, ¶ 14); (2) the case involved difficult issues, implicating damages calculations and discovery; (3) the negotiation of this settlement required and was benefited by skilled counsel with FLSA experience; (4) Plaintiffs' counsel was precluded from pursuing other employment because of the roughly 155.7 hours spent working on this case; (5) the customary fee for 155.7 hours of legal work generally exceeds $17,500.00, and represents an hourly rate below Plaintiff's counsel's regular hourly rates of

$350.00, which would equal a lodestar of $52,277.50; (6) Plaintiffs' counsel is not deriving a contingency fee from the settlement funds in this case; (7) while there is no indication of any time limits imposed by Claimants, the statute of limitations in FLSA actions required fast action by Plaintiffs' counsel; (8) as discussed above, Plaintiffs' counsel negotiated a very beneficial result for Claimants; (9) Plaintiffs' counsel has extensive experience in FLSA litigation; (10) there is no indication this case was particularly undesirable for a wage and hour claim, though the Court notes the difficulty and risk of taking on FLSA litigation in general; (11) this case was filed in July 2023 and therefore Plaintiffs' attorney and Claimants have a longstanding relationship; (12) while Plaintiffs' counsel's fee is relatively substantial when viewed as a percentage of the total settlement amount (62.5%), her fee was negotiated separately from the Settlement Amount and does not deprive Plaintiffs of settlement funds. *See DeWitt v. Darlington County*, No. 4:11–cv–00740–RBH, 2013 WL 6408371, at *9 (D.S.C. 2016). Therefore, under the *Barber* factors, the proposed attorneys' fees are reasonable.

## IV.    Conclusion

In light of the foregoing, the Court **GRANTS** the Parties' joint motion for court approval of settlement (Dkt. No. 40) and **DISMISSES** the action **WITH PREJUDICE**.

**AND IT IS SO ORDERED.**


  s/Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

August 28, 2024  
Charleston, South Carolina